# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| OSCAR RANGEL, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | EP-18-CV-00076-DCG |
| | § | |
| CASE & ASSOCIATES PROPERTIES, | § | |
| INC., *d/b/a Case Properties, Inc.,* | § | |
| | § | |
| *Defendant.* | § | |

## <u>MEMORANDUM ORDER</u>

Presently before the Court is Defendant Case & Associates Properties, Inc.'s ("Case") "Motion to Dismiss" (ECF No. 5) ("Motion") filed on May 15, 2018. Therein, Case asks the Court to dismiss Plaintiff Oscar Rangel's ("Rangel") Complaint (ECF No. 1) under the doctrine of *res judicata*. For the reasons that follow, the Court **DENIES** Case's Motion.

## I. BACKGROUND[1]

Case, a property management company, employed Rangel as an assistant maintenance technician from November 2013 until June 3, 2015, when Case terminated his employment. Compl. ¶¶ 8, 13. In February 2017, Rangel and two other former Case employees, Mark Guana ("Guana") and Ruben Ramirez ("Ramirez") brought a collective action lawsuit, on behalf of themselves and all others similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA"). Pls.' Original Compl. – Collective Action (hereinafter "*Case I* Compl."), *Rangel v. Case & Assocs. Props., Inc.*, No. 3:17-CV-00057-KC (W.D. Tex.) [hereinafter *Case I*], ECF No.

---

[1] The Background section describes facts that are taken from Rangel's Complaint in this case and are assumed to be true for purposes of this Motion. The Background section also contains information taken from public records, of which this Court may take judicial notice. *See* Part II (Standard), *infra*.

1. Specifically, they asserted a claim for violation of 29 U.S.C § 207(a),[2] one of the wage and hour provisions of the FLSA, on the grounds that Case failed to pay them time and one-half the regular rate for all hours worked in excess of 40 hours during a workweek. *Case I* Compl. ¶ 36.

*Case I* was brought before the Honorable Judge Kathleen Cardone of this Court. In a January 2018 order, she deemed *Case I* as "proceeding with only the named [p]laintiffs, and not as a collective action," because no additional parties had filed their consent with the court to opt into the action. Order at 1–2, *Case I*, ECF No. 17. On or before February 23, 2018, the parties settled *Case I*, and Judge Cardone issued an Order stating that unless the parties submit closing papers by March 26, 2018, the case would be dismissed. *See* Order, *Case I*, ECF No. 21.

On March 7, 2018, Rangel brought this lawsuit. Here, Rangel asserts a claim for violation of 29 U.S.C. § 215(a)(3),[3] the FLSA's antiretaliation provision. Compl. ¶ 20. Rangel alleges that he complained to Case that it did not pay him for overtime hours worked while on-call, and that Case retaliated against him for making the complaints by terminating him on June 3, 2016. *Id* ¶ 12–13.

Back in *Case I*, on March 30, 2018, the parties filed a joint motion to approve their settlement agreements, which were submitted along with the motion. Joint Mot. to Approve Settlement, *Case I*, ECF No. 23. The settlement agreement between Rangel and Case was executed on March 29, 2018, and it provided in relevant part:

---

[2] Section 207(a) provides in relevant part, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a).

[3] Section 215(a)(3) makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3).

> Plaintiff ... hereby fully and forever relieves, releases, and discharges Case ... from all claims, ... liabilities, ... damages, ... whether asserted or unasserted in the [*Case I*], ... including ... any and all claims pursuant to the Fair Labor Standards Act (42 U.S.C. § 201, *et seq.*), *except Plaintiff does not relieve, release, or discharge Case & Associates from, or otherwise waive, any claim for retaliation under the FLSA (specifically those claims set out in Rangel Jr. v. Case & Associates Properties, Inc, D/B/A Case Properties, Inc.; EP:18-CV-00076)* [*i.e.*, this lawsuit], *however, Case & Associates reserves all defenses to any such claim and does not hereby admit to any liability or wrongdoing in relation to any such claim.*

*Id.*, Ex. 1, ¶ 2(b) (emphasis in original). On April 2, 2018, Judge Cardone granted the joint motion and dismissed *Case I* with prejudice. Order, *Case I*, ECF No. 24. In her dismissal order, she stated:

> Upon due consideration, the Court finds that the settlements reached with Plaintiffs were fair and reasonable based upon the facts of the case, including the award of attorney's fees. The Court further finds that there was a bona fide dispute over the claims at issue and both sides were represented by capable counsel in reaching an agreed resolution of the claims.

*Id.* The parties' settlement agreement was not attached to the dismissal order.

On May 15, 2018, Case filed the instant Motion. Def.'s Mot., ECF No. 5. The parties' briefing on the Motion was completed by July 2. *See* Pl.'s Resp., ECF No. 7; Def.'s Reply, ECF No. 11; Pl.'s Sur-Reply, ECF No. 12.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal of a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a Rule 12(b)(6) motion, a court accepts well-pleaded facts as true and construes them in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

Although "[g]enerally a res judicata contention cannot be brought in a motion to dismiss" because it "must be pleaded as an affirmative defense," *see Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005), "[d]ismissal under Rule 12(b)(6) on *res judicata*

grounds may be appropriate when the elements of *res judicata* are apparent on the face of the pleadings," *Dean v. Miss. Bd. of Bar Admissions*, 394 F. App'x 172, 175 (5th Cir. 2010). In ruling on such a motion, a court may take judicial notice of matters of public record, including publicly available court documents filed in a prior case. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."); *Hall v. Hodgkins*, 305 F. App'x 224, 226, 229 (5th Cir. 2008) (taking judicial notice of publicly available pleadings and opinions filed in prior cases for purposes of deciding their *res judicata* effect); *Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013) (approving the lower court's consideration of "public records and prior court proceedings" in ruling on a Rule 12(b)(6) motion based on the grounds of *res judicata*).

## III. DISCUSSION

Under *res judicata*, a final judgment on the merits of an action "bars the subsequent litigation of claims that have been litigated or should have been raised in [the] earlier [action]." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007). The doctrine "ensures the finality of judgments, shelters litigants from successive litigation, and conserves judicial resources." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). *Res judicata* "is an affirmative defense, and the defendant bears the burden to prove that defense." *Richardson v. Wells Fargo Bank, N.A.*, 839 F.3d 442, 448 (5th Cir. 2016). The four elements of *res judicata* are: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466–67 (5th Cir. 2013) (internal quotation marks omitted).

Here the dispositive issue is: whether the fourth element is met.[4] To determine whether the same claim is involved in two actions, the Fifth Circuit has adopted the "transactional test" of the *Restatement (Second) of Judgments*, § 24. *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990) (citing *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983) (en banc)). Under this test, the critical issue is whether the plaintiff bases the two actions on the "same nucleus of operative facts." *Agrilectric Power Partners, Ltd. v. Gen. Elec. Co.*, 20 F.3d 663, 665 (5th Cir. 1994). "In this inquiry, [the court] look[s] to the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992). It "should consider 'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 842 F.3d 883, 898–99 (5th Cir. 2016) (quoting *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 396 (5th Cir. 2004)).

Although the facts are related in time, Rangel's wages claim in *Case I* and retaliation claim in this case are based on two different nuclei of operative facts. *See Anderson v. Guaranteed Rate, Inc.*, No. 13 C 431, 2013 WL 2319138, at *5 n.5 (N.D. Ill. May 28, 2013) (finding that "there is no identity of causes of action between the FLSA claim for underpayment in [a prior lawsuit] and the FLSA claim for retaliation here" (citing, among other cases, *Herrmann v. Cencom Cable Assocs.*, 999 F.2d 223, 226 (7th Cir. 1993))). The critical allegation of the wages claim was that Case did not pay Rangel (and two other plaintiffs) time and one-half the regular rate for all hours worked in excess of 40 hours during a workweek. On the other

---

[4] The parties do not dispute that the second and third elements are satisfied. Rangel however argues that the parties are not identical in both suits because in *Case I*, the plaintiffs were Rangel, Guana, and Ramirez, but Rangel is the only plaintiff in this lawsuit. Resp. to Def.'s Mot. at 6. The Court finds this argument unpersuasive.

hand, the factual predicate of the retaliation claim is that Case terminated him based on an improper motive, *i.e.*, for making complaints about Case's improper pay and FLSA violations. Consequently, the same key facts are not at issue in both claims. *See New York Life Ins. Co. v. Gillispie*, 203 F.3d 384, 387 (5th Cir. 2000) ("[T]he transactional test . . . asks whether the same key facts are at issue in both [claims]." (italics omitted)).[5]

Further, including Rangel's present retaliation claim in *Case I*—which involved multiple plaintiffs, different issues, and predicate facts—would not have formed "a convenient trial unit." *See Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1266, 1270 (D. Kan. 2012) ("Lumping the present retaliatory discharge claim with the class-wide FLSA action can in no sense be considered 'a convenient trial unit.'"). Nor would it conform to the parties' expectations around the time they settled their disputes in *Case I*. *Cf. Stewart v. Transp. Workers Union of Greater New York, Local 100*, 561 F. Supp. 2d 429, 439 (S.D.N.Y. 2008) (finding that "treating [two actions] as a single 'trial unit' would contradict 'the parties' expectations' at or around the time they signed the Stipulation" in the prior action). The settlement agreement in *Case I* made an exclusive list of matters settled and carved out the retaliation claim then pending in this case.[6]

---

[5] *Cf. Towns v. Ne. Miss. Elec. Power Ass'n*, 478 F. App'x 244, 248 n.2 (5th Cir. 2012) (holding that plaintiff's prior FLSA wages claim and her present FMLA interference claim did not arise from the same nucleus of operative facts because "[a]*lthough both claims implicated Towns's employment with NEMEPA generally*, the critical allegations of the FLSA claim were that NEMEPA failed to pay Towns for hours performed outside of normal hours and lacked a policy to account for hours worked before or after an employee's shift. The FMLA claim alleged that NEMEPA terminated Towns when she was still eligible for twelve more weeks of leave. *The factual scenarios of the two actions are not parallel.*" (emphasis added)).

[6] Case points out that the settlement agreement also states: Case "reserves all defenses to any such claim [*i.e.*, the retaliation claim] and does not hereby admit to any liability or wrongdoing in relation to any such claim." Joint Mot. to Approve Settlement, Ex. 1, ¶ 2(b), *Case I*. It argues that by that statement it reserved all defenses, including the defense of *res judicata*, and therefore, that it did not agree to Plaintiff's filing of the retaliation claim in a separate action. *See* Def.'s Reply at 5.

To the extent this argument is relevant to the factor of whether the treatment of the facts as "a unit conforms to the parties' expectations," Case's litigation conduct suggests that it would not. For example,

Joint Mot. to Approve Settlement, Ex. 1, ¶ 2(b), *Case I* ("Plaintiff . . . hereby fully and forever . . . releases . . . Case . . . from all claims, . . . , except Plaintiff does not relieve, release, or discharge Case & Associates from, or otherwise waive, any claim for retaliation under the FLSA (specifically those claims set out in *Rangel Jr. v. Case & Associates Properties, Inc, D/B/A Case Properties, Inc.*; EP:18-CV-00076)." (emphasis omitted)), ECF No. 23.

## IV. CONCLUSION

In sum, the Court concludes that Case has failed to establish that this action is barred under the doctrine of *res judicata*.

**IT IS ORDERED** that Case's "Motion to Dismiss" (ECF No. 5) is **DENIED**.

So ORDERED and SIGNED this 12th day of July 2018.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

it does not appear that, prior to filing the joint motion to approve their settlement agreement in Judge Cardone's court, Case presented any objection to the fact that Rangel filed a separate action asserting his retaliation claim. *Cf. Matter of Super Van Inc.*, 92 F.3d 366, 271 (5th Cir. 1996) ("'Where the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action.'" (quoting *Restatement (Second) Judgments* § 26, cmt. a) (brackets omitted)).

Moreover, had Case wished to litigate the retaliation claim as part of *Case I*, it had multiple recourses, but failed to take action. For one, it could have moved for consolidation of the two actions. For another, it could have complied with this Court's divisional standing order that requires the parties to promptly notify the Court of any related or believed-to-be related action. *See* Order Relating to Reassignment of Civil Cases (September 19, 2003) ("Whenever a party knows or learns that an action filed in . . . this division is (or the party believes that the action may be) related to an action which is or was pending in this division as defined in paragraph (h) herein, the party must promptly file with the Court a Notice of Related Case. The notice must contain the case number of each apparently related action. Duplicate originals of the notice must be filed in each listed action. The filing party must serve a copy of the notice on all known parties to each identified case."). This Case failed to do, at minimum.

Be that as it may, in the settlement agreement, Case agreed to carve out the retaliation claim, evincing that the treatment as a unit of the facts giving rise to the retaliation claim and those giving rise to the wages claim would be contrary to the parties' expectation.